UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
COMMUNITY PROGRAMS OF WESTCHESTER
JEWISH COMMUNITY SERVICES,

                          Plaintiff,                                **MEMORANDUM DECISION**

       -against-                                        **AND ORDER**

CITY OF MOUNT VERNON, ERNEST D.            06 Civ. 3332 (SCR) (GAY)
DAVIS, Mayor of the City of Mount Vernon,
CONSTANCE G. POST, Commissioner of
Mount Vernon Department of Planning and
Community Development and ANTHONY
DEBELLIS, Commissioner of Mount Vernon
Department of Assessment,
-------------------------------------------------------------------X

      Plaintiff alleges that defendants thwarted its efforts to develop a group home in the City of Mount Vernon for adults with developmental disabilities, in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794 and New York law.  Presently before this Court is defendants' motion to disqualify plaintiff's counsel due to an alleged conflict of interest arising from plaintiff's counsel's prior representation of the City of Mount Vernon in a separate action.  For the reasons that follow, defendants' motion is denied.

      A party may seek to disqualify another party's counsel "where necessary to preserve the integrity of the adversary process."  See Board of Educ. v. Nyquist, 590 F.2d 1241, 1245 (2d Cir. 1979).  Pursuant to the three-part test applied in this Circuit, an attorney may be disqualified from representing a client in a particular case if "(1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial

relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client." Evans v. Artek Sys., 715 F.2d 788, 790 (2d Cir. 1983). Any doubt as to the existence of a conflict of interest should be resolved in favor of disqualification. See Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975). Nonetheless, the Second Circuit disfavors motions to disqualify because they interfere with a party's right to choose counsel and are often interposed for tactical reasons. See Evans, 715 F.2d at 791-92. Thus, motions to disqualify are subject to a high burden of proof. See id. at 791. The determination as to whether disqualification is warranted is committed to the sound discretion of the trial court. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990).

There is no dispute that plaintiff's counsel represented the City of Mount Vernon in a separate action prior to the commencement of this lawsuit. The resolution of defendants' motion therefore turns on whether there is a substantial relationship between the prior case and the present case and, if so, whether plaintiff's counsel had access to relevant privileged information.

As to the "substantial relationship" prong, the party seeking disqualification must demonstrate that the relationship between issues in the prior and present cases is "patently clear." See Government of India v. Cook Indus., Inc., 569 F.2d 737, 739-40 (2d Cir. 1978). "Put more specifically, disqualification has been granted or approved recently only when the issues involved have been 'identical' or 'essentially the same.'" Id. at 740. Here, defendants fail to establish the necessary relationship between the

2

Id. at 740. Here, defendants fail to establish the necessary relationship between the two cases in question. In the previous case, plaintiff's counsel represented the City of Mount Vernon in an action brought by an adult entertainment business alleging that its First Amendment rights were violated by the City's new zoning regulations. The Court acknowledges that the prior case and the present case share a broad similarity in that both generally involve zoning issues. However, apart from conclusory allegations, defendants proffer no evidence that the material facts in the prior litigation are the same as those involved in the present case.

Further, defendants have not shown that plaintiff's counsel had, or was likely to have, access to relevant privileged information in the course of its prior representation of defendants. There is no presumption of relevant shared confidences given the Court's conclusion regarding the lack of a substantial relationship between the prior and present litigation. Moreover, defendants do not point to any particular instance of any relevant shared confidence and, instead, offer only vague and general allegations that plaintiff's counsel "had access to relevant confidential information specifically relating to planning and zoning issues." Accordingly, defendants' motion to disqualify is **DENIED**.

Dated: May 18, 2007
White Plains, New York

**SO ORDERED:**

_____
GEORGE A. YANTHIS, U.S.M.J.

3