UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COMMUNITY PROGRAMS OF WESTCHESTER
JEWISH COMMUNITY SERVICES,

                Plaintiff,

     -against-

CITY OF MOUNT VERNON, ERNEST D.
DAVIS, Mayor of the City of Mount Vernon,
CONSTANCE G. POST, Commissioner of
Mount Vernon Department of Planning and
Community Development and ANTHONY
DEBELLIS, Commissioner of Mount Vernon
Department of Assessment,
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

06 Civ. 3332 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

       Plaintiff alleges that defendants thwarted its efforts to develop a group home in the City of Mount Vernon for adults with developmental disabilities, in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794 and New York law.  Presently before this Court is defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").[1]  For the reasons that follow, I respectfully recommend that defendants' motion to dismiss be granted in part and denied in part.

---

[1] Also contained within defendants' motion to dismiss was a motion to disqualify plaintiffs' counsel.  I have addressed defendants' motion to disqualify in a separate, contemporaneous, Memorandum Decision and Order.

**I. STANDARD OF REVIEW**

Pursuant to FRCP 12(b)(1), a court must dismiss a claim if the court "lacks jurisdiction over the subject matter." In deciding a 12(b)(1) motion to dismiss, this Court must assume the truth of the factual allegations set forth in the complaint. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). The plaintiff has the burden of proving the court's jurisdiction by a preponderance of the evidence. See id.

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). The Court must deny a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2d Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**II. FACTUAL ALLEGATIONS**

The Court accepts as true the following facts taken from the complaint.

In December 2004, plaintiff purchased property located at 244 Clermont Avenue, Mount Vernon, for use as a group home for six young adults with developmental

disabilities ("the Project"). Prior to its purchase, plaintiff secured HUD financing–conditioned upon certification from the City that the proposed project was consistent with Mount Vernon's Consolidated Housing Strategy Plan ("the Plan"). By letter dated August 10, 2004, plaintiff requested said certification from the City and also requested that the City respond by August 31, 2004. The City responded by letter dated August 13, 2004, requesting that plaintiff provide additional details to defendant Post (Commissioner of Mount Vernon's Department of Planning and Community Development). Although plaintiff maintained (and presently maintains) that the requested details had no bearing on the issue of whether the Project was consistent with the Plan, plaintiff provided the requested info by letter dated August 17, 2004.

On August 31, 2004, a HUD official sent an email to defendant Post inquiring about the status of plaintiff's request for certification. Later that day, Post responded by email that she had specific questions about the Project that needed to be answered before she would provide certification. Specifically, Post questioned whether the property would be tax-exempt, if the neighborhood would have an opportunity for comment and what impact the Project might have.[2] Thereafter, Post told plaintiff that she would not issue certification if the Project intended to seek an exemption from real property taxes.

On September 1, 2004, for the purpose of fulfilling its obligations under the

---

[2] Plaintiff alleges that Post's concerns were irrelevant to the issue of whether the proposed Home was consistent with the Plan.

Padavan Law,[3] plaintiff notified the City of Mount Vernon of its plans to establish a residential facility for the mentally disabled at 244 Claremont Avenue. The City did not respond within the statutory time frame; plaintiff thereafter sent another letter informing the City that its time to respond had expired. The City did not respond. In December 2004, plaintiff closed on its purchase of the Project property.

On or about March 21, 2005, via a letter to defendant Post, plaintiff renewed its request for the City's certification. Plaintiff sent a copy of the letter to Mayor Davis. On or about April 28, 2005, a HUD official submitted a written request to Mayor Davis that the City provide certification no later than May 19, 2005. Defendants responded that no certification would issue unless plaintiff agreed that the property would not be tax exempt. On or about July 25, 2005, plaintiff agreed to make annual payments of $3,622.00 in lieu of taxes (a "PILOT"). More than a month later, defendants issued the certification.

By letter dated September 20, 2005 (to defendant Anthony DeBellis, Commissioner of Assessment), plaintiff confirmed that the PILOT would be due once the City issued a new Certificate of Occupancy ("C of O"), expected in early 2006. Plaintiff's letter also restated defendant Post's alleged agreement that the property would be tax exempt until the C of O issued. Plaintiff sent a copy of the letter to defendant Post.

In January 2006, plaintiff received a tax bill for the subject property. Plaintiff

---

[3] Pursuant to the Padavan Law, plaintiff was required to notify the chief executive officer of the municipality in writing of its plans for the Project, to allow the municipality an opportunity to evaluate the Project's impact on the nature and character of the area. See N.Y. Mental Hyg. Law § 41.34(c)(1).

assumed that this was merely an oversight and, by letter dated January 10, 2006, asked defendant Post to intervene. Plaintiff sent a copy of the letter to Mayor Davis and Commissioner DeBellis. DeBellis responded that the property was not tax exempt and that defendant Post had no authority to negotiate a PILOT. DeBellis also stated that the site was not properly zoned for the Project and, therefore, plaintiff was required to apply for a special use permit.

### III. SUBJECT MATTER JURISDICTION

Defendants move to dismiss the complaint on the ground that this Court lacks subject matter jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, which states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." This prohibition "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." Tully v. Griffin, 429 U.S. 68, 73 (1976).

Defendants specifically argue that the gist of the instant complaint is plaintiff's allegation that the Project is tax exempt and, therefore, plaintiff's remedy lies in state court. To be sure, plaintiff alleges that the Town's refusal to grant tax exempt status to the Project is motivated by discriminatory animus. Plaintiff also concedes that New York law provides a plain, speedy and efficient means to address said claim.[4] Nonetheless, plaintiff's complaint also alleges that defendants unjustifiably delayed in

---

[4] Indeed, in 2001, plaintiff sought–and received–an Order from the Westchester County State Supreme Court that plaintiff's property located at 412/4 Gramatan Avenue, Mount Vernon, New York is exempt from real property taxation.

5

issuing the certification of compliance and unlawfully required plaintiff to seek a special use permit for the Project. Accordingly, I conclude, and respectfully recommend, that defendants' Rule 12(b)(1) motion to dismiss should be granted only as to plaintiff's claim that the subject property is tax exempt.

**IV. FEDERAL CLAIMS**

Plaintiff asserts claims under three federal statutes: the FHA, the ADA and the RA. It is unlawful under the FHA "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1). "Discrimination" under the FHA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." Id. § 3604(f)(3)(B). The ADA and the RA similarly prohibit all disability-based discrimination by public entities. Pursuant to the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under the RA, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). All three statutes apply to municipal zoning decisions. See Forest City Daly Hous., Inc. v. Town of North Hempstead, 175 F.3d 144, 151 (2d Cir. 1999). Further, a plaintiff who alleges claims under the FHA, ADA and RA "may proceed under any or all of three theories: disparate

treatment, disparate impact and failure to make reasonable accommodation." See Regional Econ.Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 48 (2d Cir. 2002).

Defendants contend that plaintiff's complaint fails to allege a cause of action under either the FHA, ADA or RA because (1) defendants provided the certification of compliance and, thus, the issue is moot, (2) any delay in signing the certification is insufficient to support a claim because plaintiff fails to allege disparate treatment. Defendants' first argument is misplaced; plaintiff alleges that defendants' delay in providing certification was unjustified and motivated by disability-based discriminatory animus. Further, defendants' second argument misconstrues and erroneously narrows plaintiff's theory of liability. Construing plaintiff's complaint broadly, plaintiff alleges (1) that being forced to apply for a special use permit is discriminatory and would not be required if the prospective tenants were not developmentally disabled and (2) as previously stated, defendants' delay in providing certification was unjustified and motivated by disability-based discriminatory animus. In sum, I conclude that plaintiff's complaint sufficiently alleges claims under the FHA, ADA and RA. However, as defendants correctly assert, neither the ADA or RA allow for claims against individuals in either their personal or official capacity. See Harris v. Mills, 478 F. Supp.2d 544, 547 (S.D.N.Y. 2007). Accordingly, I respectfully recommend that defendants' motion to dismiss plaintiff's federal claims should be granted only to the extent that plaintiff's ADA and RA claims against the individual defendants should be dismissed.[5]

---

[5] Defendants also argue that plaintiff is not entitled to injunctive relief. However, plaintiff has not filed a motion for a preliminary or permanent injunction; based upon the

**V. STATE LAW CLAIM**

Defendants also argue that plaintiff's complaint fails to state a claim under the Padavan Law. The Padavan Law was designed "to provide for a fair distribution of community residences and to bring municipalities into the process of site selection, thereby minimizing resistance and avoiding legal battles that had impeded the community residence [policy]." See Crane Neck Ass'n v. New York City/Long Island County Servs. Group, 61 N.Y.2d 154, 163, 460 N.E.2d 1336, 472 N.Y.S.2d 901 (1984). As previously noted, the Padavan Law requires the sponsoring agency to notify the chief executive officer of the municipality in writing of the agency's intent to establish a community residence at a specific site. See N.Y. Mental Hyg. Law § 41.34(c)(1). The municipality then has forty days to either approve the recommended site, suggest other suitable sites or object to the establishment of the facility on the ground that the municipality is already saturated with similar facilities. See id. § 41.34(c)(1)(A)-(C). "If the municipality does not respond within forty days, the sponsoring agency may establish a community residence at a site recommended in the notice." Id. § 41.34(c)(1)(C).

Here, plaintiff alleges that (1) it provided the required notice to defendants, (2) defendants failed to respond within forty days and thus waived any objection to the Project, (3) plaintiff is therefore entitled to establish the Project at the proposed site and (4) defendants prevent plaintiff from doing so by requiring plaintiffs to apply for a special use permit. I conclude that plaintiff's allegations are sufficient to allege a violation of the

---

Court's conclusion that plaintiff's federal claims are viable at this stage of litigation, it would be premature to dismiss plaintiff's prayer for injunctive relief.

Padavan Law. Accordingly, I respectfully recommend that defendants' motion to dismiss plaintiff's state law claim should be denied.

## VI. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: May 18, 2007
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS, U.S.M.J.

9