UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMMUNITY PROGRAMS OF WESTCHESTER
OF JEWISH COMMUNITY SERVICES

      Plaintiff,

    v.

CITY OF MOUNT VERNON, et al.

      Defendants.

06 Civ. 3332 (SCR)(GAY)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

---

**STEPHEN C. ROBINSON, District Judge:**

Plaintiff alleges that defendants have prevented it from developing a group home for adults with developmental disabilities in the City of Mount Vernon. Plaintiff brings claims under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 794, and New York law. Defendants move to dismiss under rules 12(b)(1) and 12(b)(6). These motions were referred to Magistrate Judge George A. Yanthis for a report and recommendation. Judge Yanthis recommended that the motions be granted in part. For the reasons below, this Court affirms Judge Yanthis's recommendation.

**I. Facts.**

A detailed factual background can be found Judge Yanthis's report and recommendation. In short, plaintiff sought to use a property at 244 Clermont Avenue, Mount Vernon, New York as a group home for six young adults with developmental disabilities. Plaintiff had secured HUD financing for the home conditioned upon certification from the City of Mount Vernon that the home was consistent with Mount Vernon's Consolidated Housing Strategy Plan. Plaintiff requested the certification on August 10, 2004. After receiving additional details, defendant Post told plaintiff she would not issue certification if the project sought tax-exempt status.

On September 1, 2004, plaintiff notified the City of Mount Vernon of its intention to establish a group home for the developmentally disabled, pursuant to the Padavan Law. *See* N.Y. Mental Hyg. Law § 41.34(c)(1). Under that law, the city had 40 days to object. It did not. In December 2004, plaintiff completed purchase of the property.

In March 2005, plaintiff renewed its request for certification from the city. Following an agreement by plaintiff to make annual payments of $3,622.00 in lieu taxes (a "PILOT") the City issued certification in August 2005.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

In January 2006, plaintiff received a tax bill on the property. When plaintiff objected, defendant Debellis responded that defendant Post did not have the authority to negotiate the PILOT, that the property was not zoned for the group home. and that plaintiff was therefore required to apply for a special use permit.

## II. Analysis

### A. Standard of Review

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). Here, the parties both submitted objections to Judge Yanthis's report and recommendation. Therefore, the portions of the recommendation which have been objected to are reviewed *de novo*. The remaining portions are reviewed for clear error.

### B. Subject Matter Jurisdiction

This Court must decide jurisdictional questions first. *Telemedia Partners Worldwide v. Hamelin Ltd.*, No. 95 Civ. 2452, 1996 U.S. Dist. LEXIS 1118, *10 (S.D.N.Y. January 31, 2006). . Judge Yanthis recommended dismissal of plaintiff's claim with respect to the tax exempt status of the property. Plaintiff objected to this recommendation and it is therefore reviewed *de novo*.

In deciding a motion to dismiss for lack of subject matter jurisdiction, this Court accepts all factual allegations as true. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). Plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

Under the Tax Injunction Act, a district court may not "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. § 1341. In this case, plaintiff challenges the denial of tax exempt status to its property. However, plaintiff cannot deny that a plain, speedy and efficient remedy exists for it in the New York state courts. *See Cody Inc. v. Town of Woodbury*, 8 F. Supp.2d 340, 341-42 (S.D.N.Y. 1998)(in this Circuit availability of an Article 7 Proceeding is adequate as a matter of law to satisfy the statutory prerequisite to invoke § 1341.")(citing *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989)). Indeed, plaintiff's objections point to an earlier instance where it obtained such relief in the state courts. Moreover, the fact that plaintiff ascribes discriminatory animus to defendants does not allow this Court to exercise jurisdiction. *See Bernard v. Village of Spring Valley*, 30 F.3d 294, 297 (1994).

Accordingly, Judge Yanthis correctly recommended that this Court lacks subject matter jurisdiction with respect to plaintiff's claims regarding the tax exempt status of the property.

## C. Federal Claims

Judge Yanthis recommended denying defendants' motion to dismiss plaintiff's claims under the Fair Housing Act, the Americans with Disabilities Act and the Rehabilitation Act. Reviewing this recommendation *de novo*, this Court agrees.

"The [Fair Housing Act] makes it unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap, and the statute defines discrimination to include 'a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling'. Similarly, the ADA and the Rehabilitation Act prohibit all disability-based discrimination by a public entity or recipient of federal financial assistance, and these statutes require reasonable accommodations that are necessary for an equal opportunity to receive benefits from, or participate in, programs run by such entities." *See Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 150-51 (2d Cir. 1999). "All three statutes apply to municipal zoning decisions." *Id.* at 151.

"Plaintiffs who allege violations under the ADA, the FHA, and the Rehabilitation Act may proceed under any or all of three theories: disparate treatment, disparate impact, and failure to make reasonable accommodation." *Reg'l Econ. Cmty. Action Program v. City of Middletown*, 294 F.3d 35, 48 (2d Cir. 2000). Here, liberally reading the complaint, plaintiff alleges that the City required a special use permit which would not be required if the tenants were not developmentally disabled. Plaintiff further alleges that defendants' delay in providing certification to the home was motivated by discriminatory animus. Accordingly, plaintiff states claims under each of these statutes.

This court does not agree with defendants that the fact that plaintiff ultimately received certification moots its claims because plaintiff is alleging violations as result of the defendants' delays. Furthermore, defendants' argument that it did not actually require plaintiff to obtain a special use permit is a factual question that is inappropriate for resolution on a Rule 12(b)(6) motion.

In addition, Judge Yanthis correctly recommended dismissal of plaintiff's claims against the individual defendants under the ADA and the Rehabilitation Act because those acts do not provide for claims against individuals in their personal or official capacities. *See Harris v. Miller*, 478 F. Supp.2d 544, 547 (S.D.N.Y. 2007).

## D. State Law Claim

Judge Yanthis recommended sustaining plaintiff's claims under the Padavan Law. Reviewing this recommendation *de novo* this Court affirms. Plaintiff alleges 1) that it provided notice to defendants of its project, 2) that defendants failed to respond within the statutory forty day time period, 3) that plaintiff is therefore permitted to establish the home, and 4) that the City is

3

preventing it from establishing a home by requiring it to obtain a special use permit. Plaintiff therefore states a claim under the Padavan law. *See* N.Y. Mental Hyg. Law § 41.34(c). As stated already, defendants' argument that they did not actually require plaintiff to obtain a special use permit is a factual question which is inappropriate for resolution on a Rule 12(b)(6) motion.

## III. Conclusion

For the reasons stated above, this Court adopts the well-reasoned report and recommendation of Magistrate Judge Yanthis in its entirety. Defendants' motion to dismiss is granted in part. Plaintiff's claims regarding the tax exempt status of the property are dismissed. Plaintiff's ADA and Rehabilitation Act claims against the individual defendants are dismissed. Defendants' motion to dismiss is denied with respect to plaintiff's remaining claims.

*It is so ordered.*

White Plains, New York
Dated: _____, 2007

Stephen C. Robinson
United States District Judge